UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anita M. Rupert,                                                    Case No. 3:24-cv-1735

          Plaintiff,

   v.                                                            MEMORANDUM OPINION
                                   AND ORDER

Department of Education,

          Defendant.

## I.     INTRODUCTION

Plaintiff Anita M. Rupert filed a motion seeking to reopen this case, which previously was dismissed without prejudice pursuant to Rule 4(m) due to Rupert's failure to perfect timely service on Defendant the United States Department of Education.  (Doc. Nos. 9 and 10).  For the reasons stated below, I deny Rupert's motion.

## II.     DISCUSSION

On October 7, 2024, Rupert filed suit against the Department of Education, alleging the Department of Education violated her rights in connection with student loan repayment efforts. (Doc. No. 1).  Rupert claimed, among other things, that the Department of Education has repeatedly destroyed records showing Rupert paid off her student loans so that the Department could continue forcing her to repay.  (*See id.* at 43-44).

On January 23, 2025, I ordered Rupert to pursue issuance of summons from the Clerk of Court by February 12, 2025, and to perfect service on the Department of Education within 60 days

of the date summons was issued.  (Doc. No. 2).  I also notified Rupert that if she failed to obtain

summons or perfect service by the deadlines I set, or if she failed to show good cause why she

would be unable to meet those deadlines, this case would be dismissed without prejudice pursuant

to Rule 4(m).  (*Id.* at 2).

While Rupert sought issuance of summons on February 10, 2025, she did not do so

correctly.  The Clerk issued summons for service of the complaint on the Department of Education

and informed Rupert that she also was required to seek issuance of summons "for the U.S. Attorney

General (Department of Justice, Washington, D.C. 20530) and the U.S. Attorney for the Northern

District of Ohio (801 West Superior Avenue, Suite 400, Cleveland, OH 44113-1852)."  (*See* non-

document remark dated Feb. 10, 2025).  There is no indication on the docket that Rupert ever did

so.

Further, Rupert failed to perfect service within the 60-day period after summons was issued.

(*See* Doc. No. 5).  As I previously summarized:

> On March 3, 2025, the Clerk received a "return to sender" envelope Rupert had
> attempted to mail via certified mail to Brian Schwalb, the Attorney General for the
> District of Columbia. (Doc. No. 6). The envelope contained the praecipe for
> issuance of summons, the proposed summons Rupert had previously filed with the
> Clerk, and the first page of a screenshot of the docket in this action as it stood on
> January 28, 2025. (Doc. No. 6-1).
>
> Rupert mailed the Clerk a further letter on April 29, 2025, wherein she alleged she
> "sent a copy of this case to the Dept. of Education, and . . . to the U.S. Attorney
> General as requested." (Doc. No. 7).

(Doc. No. 8 at 2).

But these mailings did not satisfy Rupert's obligations under Rule 4 to perfect service on a

federal agency:

> Despite Rupert's suggestion, there is no indication on the docket that she mailed the
> required documents to the Department of Education or the United States Attorney
> General.  There is also no indication that she made any attempt to mail those
> documents to the United States Attorney for the Northern District of Ohio, as
> required by Rule 4(i)(1)(A).  Instead, the evidence presented shows only that she

made an attempt to mail some documents to the Attorney General for the District of
Columbia.  I appreciate that Rupert may have confused the "the Attorney General of
the United States at Washington, D.C.", Fed. R. Civ. P. 4(i)(1)(B), with the Attorney
General for the District of Columbia.  But even if Rupert had mailed the documents
received by the Court to the correct individual, those documents were not the
requisite "copy of the summons and of the complaint."  Fed. R. Civ. P. 4(i).

(*Id.*).  I then dismissed the case without prejudice because of Rupert's failure to show she perfected service by April 13, 2025.  (*Id.* at 3).

Rupert now seeks to reopen this case.  She states she did not comply with the service deadline I previously set because she was unable to gather the funds necessary to pay for the mailings.  While I sympathize with Rupert and the cost pressures she faced, I conclude she has not shown this case should be reopened.  Though Rupert filed several return receipts from the certified mailings she sent, (Doc. No. 9-1), the docket confirms that Rupert never requested from the Clerk of Court summonses for service on the United States Attorney General or the United States Attorney for the Northern District of Ohio.  Thus, while Rupert represents that she sent a copy "of [her] case" to the Attorney General and the U.S. Attorney for the Northern District of Ohio, she was not issued summons for either of those offices and could not have perfected service without them.  Therefore, I decline Rupert's request to reopen this litigation.

### III.    CONCLUSION

For the reasons set forth above, I deny Plaintiff Anita Rupert's motion to reopen.  (Doc. No. 9).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3